## In re HOLMES.
### Patent Appeal No. 3085.

Court of Customs and Patent Appeals.
Feb. 27, 1933.

Milans & Milans, of Washington, D. C. (Usina & Rauber, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant filed an application in the United States Patent Office for a patent on improvements in welded pipe and method of constructing the same. The examiner rejected product claims 1 to 6, inclusive, and allowed method claims 7 to 10, inclusive, and this decision as to the rejected claims was affirmed by the Board of Appeals. In doing so, the board cited the following references:

Murray et al., 1,399,307, December 6, 1921.

Murray, 1,291,600, January 14, 1919.

Murray, 1,534,133, April 21, 1925.

Appellant has appealed to this court.

Appellant's rejected claims 1 and 6 are typical, and are as follows:

"1. A hollow article composed of longitudinally offset, complementarily opposed segments autogenously joined at their longitudinal edges."

"6. A line of pipe comprising lengths of pipe having semi-cylindrical projecting portions at opposite ends, said projecting portions at opposite ends of a length being disposed on diametrically opposite sides of the axis of the pipe, the projection of one length overlapping the projection of an adjacent length to form a broken joint, said lengths being autogenously welded at said joints."

The examiner thus describes appellant's disclosure: "Applicant's alleged invention consists of a pipe made by taking two short lengths of half-sections of a pipe semi-cylindrical parts, and opposing them so as to form a short length of pipe. Each section is like the other. However, in opposing these sections, one section is removed longitudinally along the other for a distance equal to one half of its length so that the sections actually overlap for a distance equal to one half of their length. While so overlapped an electric current is passed across the opposed edges from one section to the other. A third and similar section is then placed in an overlapping and opposing relation to either one of the original sections and current passed through these two to weld them. * * * Successively one section is welded to a pre-ceding section to make a pipe of any length. The cross-seams are then welded by electric arc or other known means."

In Re Holmes, 63 F.(2d) 642, 20 C. C. P. A. ——, decided concurrently herewith, subject-matter was involved, with no apparent patentable distinction from that involved in this application. What we have therein said need not be repeated here. It will be sufficient to say that applicant's invention here, as there, resides in his method, and not in his product. His finished product, when completed, is a welded pipe, nothing more nor less, having the same capacity and strength, and performing the same functions, as any other welded pipe. So far as the location of the welds is concerned, it is not considered that this characteristic here constitutes patentable subject-matter. In re Murray, Jr., 53 F.(2d) 541, 19 C. C. P. A. 739.

Appellant, however, calls attention to the overlapping feature described in claims 5 and 6, contending that this is a new and patentable form. The reference Murray, Figure 9, shows a similar construction in water tube boiler headers, in what, to our minds, is an analogous art. The board also observes that this is common practice in laying drain tiles, an observation which is not disputed by appellant.

In our opinion, the appellant received ample protection for all his disclosed patentable subject-matter in the allowance of his method claims.

The decision of the Board of Appeals is affirmed.

Affirmed.